IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHENZHEN WANFAN TECHNOLOGY CO. LTD., <br><br> *Plaintiff*, <br><br> v. <br><br> ORBITAL STRUCTURES PTY LTD, <br><br> *Defendant*. | Civil Action No. 1:23-cv-02330 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Shenzhen Wanfan Technology Co. Ltd. ("Plaintiff" or "Wanfan") files this Declaratory Judgment action against Defendant Orbital Structures Pty Ltd ("Defendant") and alleges as follows:

### NATURE OF THE ACTION

1. This is a declaratory judgment action of trademark and copyright non-infringement arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*., the Lanham Act, 15 U.S.C. §§ 1501 *et seq.*, and the Copyright Act, 17 U.S.C. §§ 101 *et seq*. Specifically, Plaintiff seeks a declaratory judgment of non-infringement of U.S. Trademark Registration Number 6,913,023 (the "CMY CUBES Mark") and U.S. Trademark Application Serial Number 79323655 (the "CMY Cubes Design Mark"), and of various purported copyrighted works by Defendant. Plaintiff also seeks a declaratory judgment that Defendant's "CMY CUBES Mark" and "CMY Cubes Design Mark" (collectively, "Defendant's Marks") are invalid and/or not registrable.

2. Plaintiff further seeks damages from Defendant pursuant to 15 U.S.C. § 1120, as Defendant falsely or fraudulently registered the CMY CUBES Mark so as to unfairly compete with Plaintiff.

1

3. Moreover, Plaintiff seeks a judgement that Defendant has tortiously interfered with a contractual relationship and that Defendant has tortiously interfered with a prospective business expectancy, pursuant to the common law of the state of Illinois.

## THE PARTIES

4. Plaintiff Shenzhen Wanfan Technology Co. Ltd. is a limited liability company organized under the law of the People's Republic of China. Plaintiff operates several e-commerce stores globally, including in the United States.

5. Upon information and belief, Defendant Orbital Structures Pty Ltd is a type of proprietary limited company formed under the laws of the Commonwealth of Australia.

6. Upon information and belief, Defendant's principal place of business is at 724 Botany Rd., Mascot NSW, Australia.

7. Defendant is the current owner of Defendant's Marks.

8. Upon information and belief, Defendant owns and operates the website https://cmycubes.com/.

## JURISDICTION AND VENUE

9. The Court has subject matter jurisdiction over this action under 15 U.S.C. § 1551 and 28 U.S.C. §§ 1331, 1338, 1367, and 2201.

10. On information and belief, the U.S. District Court for the Northern District of Illinois has personal jurisdiction over Defendant because Defendant has constitutionally sufficient contacts with Illinois and this District so as to make personal jurisdiction proper as Defendant has committed the acts complained of herein within this District. Moreover, on information and belief, Defendant owns, operates, and/or controls the Amazon storefront CMY CUBES that offers for sale and sells products within the state of Illinois.

11. Venue is proper in this district under 28 U.S.C. § 1391(c)(3) because Defendant is a foreign entity with no residence or regular and established place of business in the United States.

## BACKGROUND

12. Plaintiff owns and operates various e-commerce stores cross the world, including in the United States, via the Amazon marketplace platform. Plaintiff and Defendant are competitors in the market.

13. Through its online stores, Plaintiff sells a color cube toy that is essentially a cube with translucent surfaces bearing cyan, magenta, and yellow colored faces. Plaintiff's color cubes are marketed under Plaintiff's trademark iKeelo (Plaintiff's "iKeelo Mark"), as shown below:

**iKeelo Cube Family**

14. The iKeelo Mark was duly registered with the USPTO on March 26, 2019. Exhibit A.

15. Defendant's trademark application (Serial Number: 97235841) for the CMY CUBES Mark was filed on January 24, 2022 (Defendant's "CMY CUBES Mark"). Exhibit B.

16. Defendant's CMY CUBES Mark is a standard character mark in international class 028. *Id*. at 1 Defendant claimed a first use date of the CMY CUBES Mark of at least as early as September 30, 2020. *Id*.

17. In Defendant's trademark application, Defendant represented to the USPTO that "CMY CUBES appearing in the mark has no significance nor is it a term of art in the relevant trade or industry or as used in connection with the goods/services listed in the application, or any geographical significance." *Id*. at 2.

18. However, "CMY" is a term of art in the relevant industry. A "CMY" is a well-known color model. The term "CMY" refers to the three primary colors used in the model: **c**yan, **m**agenta, and **y**ellow as shown below.



19. Moreover, at the time of the filing of Defendant's application, multiple products in the same general industry were using "CMY" as a term of art in reference to the CMY color model. *See, e.g.*, Exhibit C at 2.

20. Indeed, Defendant even affirmatively stated on its Amazon listing page, "CMY Cubes use primary colours Cyan, Magenta & Yellow (CMY) and are created to help view life & light through a different lens." Exhibit D at 1.

21. It is evident that "CMY" is a term of art in the relevant industry. Even an Australian youtuber discussed this term of art publicly on youtube.com before Plaintiff's CMY Cubes Mark trademark application. Exhibit E.

22. Nonetheless, Defendant's trademark application was approved by the USPTO and led to the registration of the CMY CUBES Mark on November 29, 2022. Exhibit F. However, no claim is made to the exclusive right to use the word "CUBES." *Id*.

23. On or about September 3, 2021, Defendant made Australia trademark application, which the application was forwarded to USPTO on or about October 21, 2021, for its "CMY Cubes" design mark, under the § 66(a) of the Trademark Act (Defendant's "CMY Cubes Design Mark") in connection with goods in international class 028 (U.S. Trademark Application Serial Number 79323655). *See* Exhibit G. The CMY Cubes Design Mark consists of the letters "CMY"

with the letter "C" in cyan, "M" in magenta and "Y" in yellow, presented vertically next to the wording "CUBES" with the letter "B" shaped as a geometric cube in shades of various colors, as shown below:



24. The CMY Cubes Design Mark was published by USPTO for opposition on March 21, 2023.

25. Defendant has filed multiple frivolous complaint with Amazon globally, including in the United States, asserting that Plaintiff infringed Defendant's trademark rights and copyright rights.

26. In Defendant's copyright infringement complaints to Amazon, Defendant identified its website https://cmycubes.com/ as its basis for copyright infringement claims but failed to identify any specific federally registered work.

## COUNT I: NON-INFRINGEMENT OF DEFENDANT'S MARKS

27. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

28. Plaintiff never used Defendant's Marks in any way whatsoever.

29. Plaintiff only marketed its relevant products under Plaintiff's iKeelo Mark.

30. As such, Plaintiff has not and cannot infringed Defendant's Marks.

31. Even if Plaintiff used the CMY abbreviation in describing products, it is a fair use to suggest the color spectrum adopted by Plaintiff's products.

32. Absent a declaration of non-infringement, Defendant will continue to wrongfully assert its Marks against Plaintiff, and thereby cause Plaintiff irreparable injury and damage. Therefore, an actual and justiciable controversy exists between Plaintiff and Defendant.

33. Pursuant to the Federal Declaratory Judgment Act, Plaintiff respectfully requests a declaration by this Court that the Plaintiff does not infringe Defendant's Marks.

## COUNT II: NON-INFRINGEMENT OF DEFENDANT'S COPYRIGHT

34. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

35. Plaintiff never used any of the works shown on Defendant's website https://cmycubes.com/.

36. As such, Plaintiff has not and cannot infringe Defendant's copyright(s).

37. Absent a declaration of non-infringement, Defendant will continue to baselessly assert copyright infringement against Plaintiff, and thereby cause Plaintiff irreparable injury and damage. Therefore, an actual and justiciable controversy exists between Plaintiff and Defendant.

38. Pursuant to the Federal Declaratory Judgment Act, Plaintiff respectfully requests a declaration by this Court that Plaintiff does not infringe Defendant's copyright(s).

## COUNT III: INVALIDITY OF DEFENDANT'S CMY CUBES MARK

39. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

40. Defendant's CMY CUBES Mark is descriptive because it merely describes Defendant's product as it uses "primary colours Cyan, Magenta & Yellow (CMY)."

41. The CMY CUBES Mark has not acquired secondary meaning that can distinctive Defendant's goods in commerce.

42. As such, as a merely descriptive mark, the CMY CUBES Mark is not registrable and shall be canceled.

43. Absent a declaration of non-infringement, Defendant will continue to baselessly assert trademark infringement against Plaintiff, and thereby cause Plaintiff irreparable injury and damage. Therefore, an actual and justiciable controversy exists between Plaintiff and Defendant.

44. Pursuant to the Federal Declaratory Judgment Act, Plaintiff respectfully requests a declaration by this Court that Defendant's CMY CUBES Mark is invalid and shall be canceled.

## COUNT IV: INVALIDITY OF DEFENDANT'S CMY CUBES DESIGN MARK

45. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

46. Defendant's CMY Cubes Design Mark is descriptive because it merely describes Defendant's product as it uses "primary colours Cyan, Magenta & Yellow (CMY)."

47. The CMY Cubes Design Mark has not acquired secondary meaning that can distinctive Defendant's goods in commerce.

48. As such, as a merely descriptive mark, the CMY CUBES Mark is not registrable and shall not be registered.

49. Absent a declaration of non-infringement, Defendant will continue to baselessly assert trademark infringement against Plaintiff, and thereby cause Plaintiff irreparable injury and damage. Therefore, an actual and justiciable controversy exists between Plaintiff and Defendant

50. Pursuant to the Federal Declaratory Judgment Act, Plaintiff respectfully requests a declaration by this Court that Defendant's CMY Cubes Design Mark is invalid and shall not be registered.

## COUNT V: FALSE AND/OR FRAUDULENT TRADEMARK REGISTRATION IN VIOLATION OF 15 U.S.C. § 1120

51. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

52. Defendant affirmatively represented to the USPTO under the penalty of perjury that "CMY CUBES appearing in the mark has no significance nor is it a term of art in the relevant trade or industry or as used in connection with the goods/services listed in the application, or any geographical significance."

53. When Defendant made this statement to the USPTO, they either knew or should have known that it was false and/or fraudulent. This is because of the existence of various prior products and Defendant's own Amazon listing page using CMY as a term of art. *See* Exhibits C, D & E.

54. But for such false and/or fraudulent, Defendant would not have successfully registered the CMY CUBES Mark.

55. Plaintiff has suffered irreparable injury and damage because of Defendant's false and/or fraudulent CMY CUBES Mark trademark registration, caused by the Amazon complaints that Defendant filed against Plaintiff based on the CMY CUBES Mark.

56. Defendant is liable to Plaintiff's irreparable injury and damage under 15 U.S.C. § 1120.

## COUNT VI: TORTIOUS INTERFERENCE WITH CONTRACT

57. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

58. Plaintiff and Amazon had a valid and enforceable contractual relationship with Amazon via Amazon's Amazon Services Business Solutions.

59. Defendant was aware of Plaintiff's contractual agreement with Amazon as it knew Plaintiff offered its products through various Amazon storefronts owned by Plaintiff.

60. Defendant intentionally and unjustifiably induced Amazon to breach its agreement with Plaintiff by filing bad faith Amazon Infringement Complaints with knowledge that Plaintiff never infringed any of Defendant's trademark or copyrighted artwork.

61. Amazon did in fact breach its agreement with Plaintiff as a result, removing Plaintiff's products from its marketplace.

62. Defendant's actions have caused economic and financial harm to Plaintiff.

## COUNT VII: TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS EXPECTANCY

63. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

64. Plaintiff had a reasonable expectation of entering into a valid business relationship with Amazon and with the consuming public via its online marketplace platform.

65. Defendant was fully aware of Plaintiff's expectation as it knew Plaintiff sold products on the Amazon platform, as shown by Defendant's objectively false Amazon infringement complaints.

66. Defendant purposefully interfered with Plaintiff's prospective business relationships by filing bad faith Amazon infringement complaints with knowledge that Plaintiff never infringed any of Defendant's trademark or copyrighted artwork.

67. As a result of Defendant's false Amazon infringement complaints, Amazon removed Plaintiff's authorized products from the Amazon marketplace, thereby causing economic and financial harm to Plaintiff.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

a. A declaration that Plaintiff never infringed Defendant's trademarks;

b. A declaration that Plaintiff's never infringed Defendant's copyrighted artworks;

c. A declaration that Defendant's Marks are invalid and shall be canceled/not registered;

d. A judgment that Defendant falsely and/or fraudulently obtained federal trademark registration and caused Plaintiff irreparable injury and damage;

e. A judgment that Defendant has tortiously interfered with Plaintiff's contractual relations;

f. A judgment that Defendant has tortiously interfered with Plaintiff's prospective business relationships;

g. Plaintiff's attorneys' fees and costs in connection with this action; and

h. Further relief as the Court may deem just and proper.

DATED: April 13, 2023

Respectfully submitted,

By: /s/ Steven G. Kalberg
David R. Bennett
Steven G. Kalberg
**DIRECTION IP LAW**
P.O. Box 14184
Chicago, Illinois 60614
Tel: (312) 291-1667
dbennett@directionip.com
skalberg@directionip.com

Of Counsel:
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Tong Jin
New York Bar No. 5871959
tjin@nilawfirm.com

**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 615
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 13th day of April, 2023, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

      */s/ Steven G. Kalberg*
      Steven G. Kalberg